

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| DAWN MARIE CHAVIS, § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 6:13-2914-MGL-KFM |
| § | |
| CAROLYN W. COLVIN, § | |
| Acting Commissioner of Social Security, § | |
| Defendant. § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND AFFIRMING DEFENDANT'S DECISION

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Both parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's decision be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 12, 2015, and Plaintiff filed her objections on January 5 2015. Defendant then filed her reply on January 23, 2015. The Court has carefully considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff alleges that she became disabled to work on August 2, 2006. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ). After the requested hearing, the ALJ issued a decision dated June 3, 2013, finding that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council subsequently denied Plaintiff's request for review, thus making the ALJ's June 3, 2013, decision Defendant's final decision for purposes of judicial review. Thereafter, Plaintiff brought her action in this Court seeking judicial review of Defendant's final decision.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to her past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Plaintiff generally makes the same arguments in her objections that she made to the Magistrate Judge: that (1) the ALJ failed to properly consider the opinion of therapist Kathy Rook, M.A., (2) the ALJ improperly evaluated the combined effect of Plaintiff's impairments, and (3) the

ALJ erred in her determination of Plaintiff's credibility.  The Court will address each contention in turn, but only inasmuch as the objections specifically object to some portion of the Report.

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made.  The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982);  *see* Fed.R.Civ.P. 72(b).

There are several subparts to Plaintiff's first objection regarding the ALJ's allegedly improper consideration of Rook's opinion.  First, Plaintiff contends that "[t]he Magistrate Judge [states] that . . . Rook is not an 'acceptable medical source' and that weight given to evidence from other sources will vary with the particular facts of the case, but the ALJ should explain the weight to ensure that the decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." Objections 1 (citing Report 24).  But that is not exactly what the Magistrate Judge said. What the Magistrate Judge actually stated is this:  The ALJ "generally should explain the weight given to opinions from . . . 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."  Report 24 (citing SSR 06-03p, 2006 WL 2329939, at *6).  The Magistrate Judge continues: "Here, the ALJ adequately explained the weight given to . . . Rook's opinion, and substantial evidence supports her finding." *Id*. at 25.  The Magistrate Judge then goes on to detail the ALJ's discussion of the evidence such that this Court is able to follow the ALJ's reasoning in reaching the decision that she did.

Next. Plaintiff seems to suggest that the Magistrate Judge erred in not addressing the discrepancy in Rook's February 1, 2013, letter, which stated that "[a]t times, Plaintiff's [Post-Traumatic Stress Disorder] (PTSD) makes her completely non-functional and in need of

assistance[,]" Administrative Record 537, with the ALJ's statement that, "[o]n February 1, 2013, Kathy Rook, MA, a therapist from Aiken-Barnwell [M]ental Health, concluded that the claimant's PTSD condition caused her to be 'completely non-functional' and in need of assistance." Administrative Record 28. The discrepancy is of no moment. As detailed herein, the Court has made a de novo review of Rook's treatment notes that are referenced in the ALJ's decision, Exhibit 22F; Rook's statement referenced above, Administrative Record 537; and the other evidence in the Record. And, after having made that review, the Court is of the opinion that substantial evidence supports the ALJ's decision to discount Rook's opinion on this matter.

Moreover, according to Plaintiff, "the ALJ failed to properly explain why [Rook's] opinion should be accorded little weight. The ALJ stated that the opinion was inconsistent with . . . Rook's treatment notes[.] [Plaintiff] submits that the ALJ did not reference any of . . . Rook's treatment notes in support of that conclusion. The Magistrate Judge writes that the ALJ specifically cited treatment notes in support of that determination. However, those treatment notes are not from . . . Rook." Objections 2 (citations omitted).

After referencing the treatment notes of Rook, then both the Magistrate Judge and ALJ cite to the treatment notes from Patricia N. Watkins and Gregory N. Smith. Having carefully read the ALJ's decision and then having made a de novo review of the treatment notes from Rook, as well as those of Watkins and Smith (some of which reference Rook as the clinician), it is clear to the Court that the ALJ found Rook's opinion to be unsupported by both her own treatment notes, as well as the treatment notes of Watkins and Smith. As the Magistrate Judge observed, "the ALJ adequately explained the weight given to . . . Rook's opinion, and substantial evidence supports her finding." Report 25.

Although Plaintiff "contends that . . . Rook had long-term familiarity with her condition, the record only contains treatment notes from . . . Rook from late 2012. As noted by [Defendant], [Plaintiff's] treatment notes with . . . Rook indicate [Global Assessment of Functioning] GAF scores

4

of 55, suggesting at most a moderate degree of functional limitations, on October 25, November 1, December 13 and 20, 2012. *Id*. (citations omitted). Although "Rook's treatment notes from November 8 and 25 and December 6 and 27, 2012, show a GAF of 50, indicating serious symptoms, [Plaintiff] has made no showing that her condition at that time was representative of her condition during the requisite time period, and she has not shown that her condition at that time was likely to persist at the same level for at least twelve continuous months." *Id.* (footnote omitted).

Plaintiff also contends that the Magistrate Judge's adoption of Defendant's argument regarding the GFA scores is inappropriate inasmuch as "[t]he ALJ did not cite GFA scores as a reason for granting little weight to the opinion" of Rook. Assuming without deciding that Plaintiff is correct, inasmuch as substantial evidence supports the ALJ's decision to discount Rook's opinion, the error was harmless. In sum, because there is substantial evidence in the record to support the ALJ's decision to discount Rook's opinion, the Court will overrule Plaintiff's first objection.

Second, Plaintiff objects to the Magistrate Judge's finding "that the ALJ properly considered the severe and nonsevere complaints because the ALJ stated that she considered the entire record, taking the ALJ at her word when she stated that she considered all of the claimant's impairments in combination." Objections 4-5. But, a review of the ALJ's decision bears witness to the fact that the ALJ did exactly what she said that she did. *See Administrative Record* 22-24.

"[O]ur general practice, which we see no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005)). "Furthermore, the ALJ's discussion of the evidence and [her] reasons for [her] conclusions demonstrate that [she] considered all of [Plaintiff's] impairments." *Id*. In sum, there is substantial evidence to support the ALJ's decision on this issue. Therefore, the Court will overrule Plaintiff's second objection, as well.

Third, Plaintiff maintains that the Magistrate Judge erred in agreeing with the ALJ's determination as to Plaintiff's credibility. As observed by the Magistrate Judge, however,

> The ALJ discussed the plaintiff's subjective complaints and found that, while her medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible. In evaluating the plaintiff's subjective complaints, the ALJ reviewed the medical evidence over the entire period of time the plaintiff alleged disability and the opinions of medical experts, as well as the plaintiff's activities, the extent to which she sought treatment for certain problems, and her demeanor. The ALJ specifically noted that mental status examinations throughout the medical record showed that the plaintiff retained a "significant portion of her functionality"; the plaintiff testified that she retained the ability to do various household chores (testifying that she vacuums, mops, and sweeps once a week and cooks dinner four times a week)); the plaintiff was able to take online photography classes and study web design after the alleged onset date; the plaintiff was able to sit through a hearing that lasted over an hour without displaying any distress and had good mobility; the plaintiff presented as articulate, coherent, intelligent, with good memory, and responded well to questions; and despite being covered by Medicaid insurance for years, the plaintiff admitted to receiving no treatment from a neurologist for her migraines.

Report 29 (citations omitted)

Plaintiff complains that the Magistrate Judge erred in finding no error in the ALJ's credibility determination by considering Plaintiff's ability to take a photography class. The Court disagrees. And, even if it was error, the error was harmless. As detailed above, there is substantial evidence contained in the record to support the ALJ's credibility determination.

Plaintiff also argues that the Magistrate Judge erred in agreeing that, in making her credibility determination, it was proper for the ALJ to consider Plaintiff's failure to see a neurologist. As stated by the Magistrate Judge, "[g]iven the plaintiff's testimony of such debilitating symptoms as a result of her migraines, the [Court] finds that it was not error for the ALJ to find that the plaintiff's lack of treatment by a neurologist weighed against her credibility." Report 30.

It is Plaintiff's duty to both produce evidence and prove that she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Under the substantial evidence standard . . . ,we must view the entire record as a whole. Additionally, the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir.1984)). Because substantial evidence supports the ALJ's decision regarding Plaintiff's credibility, the Court will overrule Plaintiff's third objection, too.

The Court has considered the remaining objections but finds them without merit. Thus, the Court will overrule them, as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claim for DIB and SSI is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 10th day of February, 2015, in Columbia, South Carolina.

s/ Mary G. Lewis  
MARY G. LEWIS  
UNITED STATES DISTRICT JUDGE
